IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | PLAINTIFF |
| V. | NO. 1:21-CV-123-DMB-RP |
| JEFFREY JOHNSON, CHRISTOPHER JOHNSON, MITCHELL JOHNSON, and MARTHA ANN JOHNSON | DEFENDANTS |

## ORDER

On August 3, 2021, The Prudential Insurance Company of America filed an interpleader complaint in the United States District Court for the Northern District of Mississippi seeking to adjudicate the rights to a $400,000 life insurance policy and/or policy proceeds among Jeffrey Johnson, Christopher Johnson, Mitchell Johnson, and Martha Ann Johnson. Doc. #1. On February 22, 2022, Prudential filed an "Unopposed Motion for Entry of Consent Order" seeking, among other things, its dismissal and the entry of a proposed consent order signed by all parties. Doc. #29. The proposed consent order (1) directs Prudential to deposit the life insurance proceeds, plus applicable claim interest, if any, with the Clerk of Court; (2) grants Prudential interpleader relief; (3) discharges Prudential from further liability regarding the subject claims; and (4) dismisses Prudential from this action with prejudice. *Id.* at PageID 198.

"Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it 'represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation.'" *Jones v. Gusman*, 296 F.R.D. 416, 428 (E.D. La. 2013) (quoting *Williams v. City of New Orleans*, 729 F. 2d 1554, 1559 (5th Cir. 1984)). In addition, "[c]ourts must also ascertain that the settlement is fair and that it does not

violate the Constitution, statutes, or jurisprudence." *Id.* (citing *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring)). "In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree." *Id.*

The Court has reviewed the proposed consent order and believes that it represents a fair and reasonable factual and legal determination based on the facts of record and is consistent with the nature of this litigation. The Court also finds that the proposed consent order does not violate the Constitution, statutes, or jurisprudence.

Accordingly, the consent motion [29] is **GRANTED**. An order consistent with the parties' proposed consent order will be entered.[1]

**SO ORDERED**, this 11th day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court has modified the parties' proposed consent order to be consistent with the requirements of the Clerk of Court.